UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID M. KOEGEL,

                      Plaintiff,

v.                                                5:12-CV-1082
                                                (MAD/TWD)
MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

                      Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

HINMAN, HOWARD & KATTELL, LLP        EUGENE D. FAUGHMAN, ESQ.
*Counsel for Plaintiff*
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902-5250

HON. RICHARD S. HARTUNIAN            JOANNE JACKSON, ESQ.
United States Attorney for the              Special Assistant United States Attorney
Northern District of New York
*Counsel for Defendant*
445 Broadway, Room 218
Albany, New York 12207-2924

---

[1] At the time this action was commenced, Michael J. Astrue was Commissioner of Social Security. Commissioner Astrue's term ended on January 9, 2013, and on February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk is directed to substitute Carolyn W. Colvin for Michael J. Astrue as the defendant in this action.

1

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

This matter was referred to the undersigned for report and recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(d). Defendant moves to dismiss the complaint. (Dkt. No. 5.) Plaintiff opposes the motion. (Dkt. No. 6.) Because I find that Plaintiff did not receive a final decision from the Social Security Administration's ("SSA") Appeals Council and thus failed to exhaust his administrative remedies, I recommend that the motion to dismiss be granted.

**I.     PROCEDURAL HISTORY**

Plaintiff applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on April 9, 2009, and his application was denied initially on June 18, 2009. (Dkt. No. 5-2 at 3.[2]) On July 10, 2009, Plaintiff filed a written request for a hearing. *Id*. at 8. Plaintiff entered into a Representation Agreement with Hinman, Howard, & Kattell, LLP on September 24, 2009. (Dkt. No. 1-1.) A video hearing was held on November 22, 2010, before Administrative Law Judge ("ALJ") Jeffrey M. Jordan. (Dkt. No. 5-2 at 8.) Plaintiff was represented by John D. Denmon, Esq., who is an attorney with Hinman, Howard, & Kattell, LLP. (Dkt. No. 5-2 at 8, 16; Dkt. No. 1-1 at 2.) On February 7, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Dkt. No. 5-2 at 5-16.)

---

[2] References to page numbers in citations to the Declaration of Donald V. Ortiz, and its accompanying exhibits, refer to page numbers assigned by the Court's electronic filing system.

Attorney Laurie M. Ceparano of Hinman, Howard & Kattell filed a request for a review of the ALJ's decision with the Appeals Council on April 8, 2011. (Dkt. No. 5-2 at 21.) Plaintiff did not sign the request. *Id*.

On February 15, 2012, the Appeals Council sent Plaintiff and Ms. Ceparano a letter stating that its records did not reflect that Plaintiff had appointed Ms. Ceparano as his representative. (Dkt. No. 5-2 at 22-23.) The letter explained that absent such authorization SSA could not disclose any information to Ms. Ceparano regarding Plaintiff's case. *Id.* SSA instructed that if Plaintiff had indeed appointed Ms. Ceparano as his representative, she should complete and return an Appointment of Representation Form SSA-1696, which was enclosed with a self-addressed envelope. *Id*. The letter also urged Ms. Ceparano to call or write the Appeals Council if she had any questions. *Id*. at 23. The letter stated that the Appeals Council would "proceed with our action and will notify the claimant" if Ms. Ceparano did not respond within thirty days. *Id*.

The Appeals Council never received a response. (Dkt. No. 5-2 at 4.) On June 26, 2012, the Appeals Council dismissed Ms. Ceparano's request for review. (Dkt. No. 5-2 at 33-36.) The Appeals Council explained that:

> There is no documentation in the claim file showing that the claimant appointed Ms. Ceparano as his representative. Therefore, on February 15, 2012, the Appeals Council staff sent a notice to Ms. Ceparano and the claimant, requesting that they complete and return an appointment of representative form . . . if the claimant was being represented by Ms. Ceparano. The Appeals Council did not receive a response.

*Id*. at 35. The Appeals Council's notice to Plaintiff stated that "the dismissal of a request for review is final and not subject to further review." *Id.* at 33.

3

Plaintiff, represented by Ms. Ceparano, instituted the instant action on July 6, 2012. (Dkt. No. 1.) Defendant now moves to dismiss the complaint. (Dkt. No. 5.) Plaintiff has opposed the motion. (Dkt. No. 6.) Defendant has filed a reply. (Dkt. No. 7.)

## II.    DISCUSSION

Defendant argues that the complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies. (Dkt. No. 5-1.) Defendant is correct.

A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When deciding whether to grant a 12(b)(1) motion to dismiss, the court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to [the] plaintiff[]." *McGinty v. New York*, 193 F.3d 64, 68 (2d Cir. 1999). The court may also refer to evidence outside the pleadings, and the plaintiff carries the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113.

"It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court." *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (citing, *inter alia*, *Califano v. Sanders*, 430 U.S. 99, 103 n.3 (1977)). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that

4

the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

One of the requirements for exhaustion is that a claimant must file a written request to the Appeals Council for review of an ALJ's decision "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision." 20 C.F.R. § 404.968(a)(1) (2013). Pursuant to the Commissioner's regulations, only a claimant or a party to a hearing decision may request review by the Appeals Council. 20 C.F.R. §§ 404.967-68, 416.1467-68. The Appeals Council will recognize a person as a claimant's representative if the claimant files a written notice stating that the claimant wants that person to be his or her representative with the Appeals Council when requesting view of an ALJ decision. 20 C.F.R. §§ 404.1707, 416.1507. "The Appeals Council may dismiss a request for review when the request for review is filed by a person who is not a proper party." Social Security Administration Hearings, Appeals and Litigation Law Manual I-3-4-5 (Sept. 8, 2005) *available at* http://www.socialsecurity.gov/OP_Home/hallex/I-03/I-3-4-5.html. Such a dismissal "is generally not reviewable by the district court because it is not a 'final decision.'" *Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y 2007); *see also Mathews*, 891 F. Supp. at 188 ("A determination is only final after the Appeals Council has denied review or decided the case after review.").

Here, neither Plaintiff nor his attorney at the ALJ hearing, John B. Denmon, ever sought Appeals Council review of the ALJ's decision. Instead, Ms. Ceparano filed a request for review that was not signed by Plaintiff. (Dkt. No. 5-2 at 21.) This request was made without any

indication that it was initiated by Plaintiff. *Id.*

Absent any indication in SSA records that Ms. Ceparano represented Plaintiff, SSA sent a letter to Ms. Ceparano, with a copy to Plaintiff, requesting clarification. (Dkt. No. 5-2 at 22-23.) The letter instructed that if Ms. Ceparano was indeed representing Plaintiff, she was to return the requisite, enclosed form within thirty days. *Id.* It is undisputed that neither Plaintiff nor Ms. Ceparano ever responded.[3] *Id.* at 33-36. As a result, the Appeals Council dismissed the request for review filed by Ms. Ceparano. *Id.* The Appeals Council explained that the dismissal of the request for review - as opposed to a denial of a request for review - was "final and not subject to further review." *Id.* at 33. Because such a dismissal is not a "final decision," Plaintiff failed to exhaust his administrative remedies. *See Jones*, 526 F. Supp. 2d at 459-60.

In certain limited circumstances, the District Court may waive the exhaustion requirement if (1) the plaintiff's legal claims are collateral to the demand for benefits; (2) exhaustion would be futile; or (3) exhaustion would cause irreparable harm. *Mathews*, 891 F. Supp. at 188 (citing *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983)). "The ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors, but should also be guided by the policies underlying the exhaustion requirement." *Bowen v. City of*

---

[3]

Plaintiff asserts that Ms. Ceparano's submission was sufficient because "Plaintiff retained the entire law firm of Hinman, Howard and Kattell, LLP" and because Ms. Ceparano worked for this firm. (Dkt. No. 6 at 5-6.) While it may be true that Plaintiff retained the entire firm, Plaintiff has not shown that Hinman, Howard and Kattell, LLP collectively or Ms. Ceparano individually was appointed his representative before the Appeals Council. Ms. Ceparano never returned the Appointment of Representation form that the Appeals Council provided, nor does it appear that the Commission was provided a copy of Plaintiff's Retainer Agreement. (Dkt. No. 5-2 at 3-4.) If Plaintiff retained the entire firm, and thus Ms. Ceparano, he did not ever advise the SSA of that fact.

*New York*, 476 U.S. 467, 484 (1986).

Waiver is inappropriate in this case. First, Plaintiff's claim is not "collateral" to a demand for benefits. Indeed, Plaintiff's complaint *is* a demand for benefits. Second, exhaustion would not be futile. Although Plaintiff did not, through a properly appointed representative, file a request for reconsideration within sixty days of his notice of the ALJ's decision, he could still pursue his administrative remedies by requesting an extension of time to seek review. 20 C.F.R. §§ 404.909(b), 416.1409(b). This would give the SSA an opportunity to correct any errors, afford the parties and the courts the benefit of the SSA's experience and expertise, and result in a record that is adequate for judicial review. Third, nothing in the record indicates that requiring exhaustion would irreparably harm Plaintiff.

Accordingly, this Court does not have subject matter jurisdiction.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that the Court grant the motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. No. 5); and it is further

**ORDERED** that the Clerk substitute Carolyn W. Colvin for Michael J. Astrue as the defendant in this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated: October 21, 2013
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge