**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID M. KOEGEL,**

                **Plaintiff,**

  vs.                                            **5:12-CV-1082
                                                  (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**HINMAN, HOWARD & KATTELL, LLP**      **JACQUELINE A. BAIN, ESQ.**
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **JOANNE JACKSON PENGELLY, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act. Defendant moved to dismiss the complaint for lack of subject matter jurisdiction. *See* Dkt. No. 5.

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

In her Report-Recommendation and Order, Magistrate Judge Dancks found that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 11 at 4-8. Further, Magistrate Judge Dancks found that this case does not fall within the limited circumstances in which the Court may waive the exhaustion requirement. *See id.* at 6-7. Specifically, the Report-Recommendation and Order found that the following reasons rendered waiving the exhaustion requirement inappropriate: (1) Plaintiff's claim is not "collateral" to a demand for benefits, but is rather a demand for benefits; (2) Plaintiff may still pursue his administrative remedies by requesting an extension of time to seek review; and (3) nothing in the record indicates that requiring exhaustion would irreparably harm Plaintiff. *See id.* at 7. Neither party objected to Magistrate Judge Dancks' Report-Recommendation and Order.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate Judge's Report and Recommendation to which a party specifically objects. Failure to timely object to any portion of a Magistrate Judge's Report and Recommendation operates as a waiver of further judicial review of those matters. *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). "To the extent, . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly

2

for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (observing that "[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition") (citation and internal quotation marks omitted)).  Furthermore, it is improper for an objecting party to attempt to relitigate the matter by "submitting papers to [the] district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Petty v. Colvin*, No. 12 Civ. 1644, 2014 WL 2465109, *1 (S.D.N.Y. June 2, 2014) (citing *Pu v. Charles H. Greenthal Mgmt. Corp.*, 08 Civ. 10084, 2010 WL 774335, *1 (S.D.N.Y. Mar. 9, 2010)).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to exhaust his administrative remedies and that waiver of the exhaustion requirement would be inappropriate considering the facts of this case.  Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 17, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge